**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| W.H.C., INC. | : | Case No. 1:21-CV-00675-DAP |
| dba HONDA OF MANSFIELD | | |
| 1493 Park Avenue West | : | |
| Mansfield, Ohio 44906 | | |
| | : | JUDGE DAN AARON POLSTER |
| and | | |
| | : | |
| PARK AVENUE DEALER | | |
| REAL ESTATE, LLC | : | |
| 1493 Park Avenue West | | |
| Mansfield, Ohio 44906, | : | |
| | | |
| Plaintiffs | : | |
| | | **AMENDED** |
| vs. | : | **COMPLAINT** |
| | | |
| INTERLAKE CHEMICALS, LTD. | : | |
| dba SURE STEP USA | | |
| C/o Franklin D. Sigurdur | : | |
| 19096-115th Road North | | |
| Gimli, Manitoba, Canada ROC 1-B0 | : | JURY DEMAND ENDORSED |
| | | HEREON |
| and | : | |
| | | |
| SURE STEP USA, LLC | : | |
| C/o Winett Uhlig | | |
| 6290 92nd Place North, Apt. 3004 | : | |
| Pinellas Park, Florida 33782, | | |
| | : | |
| Defendants | | |

Now come the plaintiffs, W.H.C., Inc., dba Honda of Mansfield (hereinafter "WHC"), and

Park Avenue Dealer Real Estate, LLC (hereinafter "PADRE"), by and through their attorney, and

1

for their Complaint against defendants, Interlake Chemicals, Ltd., dba Sure Step USA, and Sure Step USA, LLC (hereinafter referred to collectively as "Sure Step Companies"), state as follows:

ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff, WHC, is an Ohio corporation duly organized pursuant to law with its principal place of business located at 1493 Park Avenue West, in the City of Mansfield, County of Richland, State of Ohio.

2. Plaintiff, PADRE, is an Ohio limited liability company with its principal place of business located at 1493 Park Avenue West, in the City of Mansfield, County of Richland, State of Ohio.

3. Defendant, Interlake Chemicals, Ltd., is a Canadian limited partnership or other type of business entity organized pursuant to law with its principal place of business in Gimli, Manitoba, Canada.

4. Defendant, Sure Step USA, LLC, is a Florida limited liability company duly organized pursuant to law with its principal place of business located in North Miami, Dade County, Florida.

5. Upon information and belief, defendant Sure Step USA, LLC, is a wholly-owned subsidiary of defendant, Interlake Chemicals, Ltd.

6. Defendants, Sure Step Companies, are in the business of manufacturing, designing, formulating, distributing and selling a non-slip floor and bathtub product known as "Sure Step" (hereinafter "the Product") throughout the United States, including Richland County, Ohio.

7. The transaction and occurrence which gives rise to this action took place in the County of Richland, State of Ohio, thereby vesting jurisdiction and venue in Richland County, Ohio.

8. At all times material herein, plaintiff, WHC, was a Honda motor vehicle dealer which constructed, made improvements to and operated a Honda motor vehicle showroom upon the premises owned by plaintiff, PADRE, located at 1493 Park Avenue West, Mansfield, Ohio, pursuant to a leasehold agreement between WHC and PADRE, which lease provided that WHC

was responsible for the cost and maintenance of the showroom building and all improvements thereto.

9. During the calendar year 2016, WHC made substantial and costly improvements to its Honda showroom building, including, but not limited to, the construction and placement of the showroom floor consisting of, in part, bright white porcelain floor tiles manufactured by daltile®, a company not a party to this action.

10. At all times material herein, defendants, Sure Step Companies, represented themselves as a "preferred vendor" for daltile®.

11. After completing construction of the improvements to the Honda showroom as described herein, plaintiffs observed that the bright white porcelain floor tiles were particularly slippery to walk upon, especially when wet, which posed a potential danger to WHC's customers and employees.

12. In or about January of 2018, in order to attempt to remedy the potential danger to its customers and employees as described herein, WHC contracted with Appleseed Building Co., a company which was an authorized distributor of the product but which is not a party to this action, to apply the Product to the bright white porcelain floor tiles in the Honda showroom in an attempt to render the floor less slippery.

13. While the application of the Product to the bright white porcelain floor tiles appeared to render Plaintiffs' floor less slippery, during the ensuing weeks and months following the application of the Product, plaintiffs observed various types and degrees of stains and/or discolorations of the floor tiles, which stains and/or discoloration could not be cleaned or removed from the tiles and became more numerous and more noticeable as time went on, thereby rendering the white porcelain floor tiles to appear dirty, unclean, permanently unsightly and not fit for the

intended purpose of presenting a clean and attractive showroom to the customers of Plaintiff, WHC.

14. In or about February 2019, plaintiff, WHC, having attempted and failed to clean the stained and/or discolored tiles by various means, had the white porcelain floor tiles and the Product inspected, tested and analyzed by an expert in the field of hard surface cleaning, maintenance and restoration.

15. On or about the 20th day of February, 2019, the aforedescribed expert informed plaintiffs that the application of the Product to the showroom floor had etched the surface of the tiles and removed the non-porous glazed finish applied in the manufacturing of the tiles, thereby making the tiles porous and susceptible to permanent staining by a wide variety of organic and non-organic materials which may routinely come into contact with said tiles.

16. As a direct and proximate result of the application of the Product manufactured, designed, formulated, distributed and sold by defendants, Sure Step Companies, plaintiffs' showroom floor has been, and continues to be, damaged, thereby causing harm to plaintiffs and damages in excess of Twenty-five Thousand Dollars ($25,000.00), to be determined according to proof at trial.

## COUNT ONE

17. Plaintiffs restate and incorporate by refence each and every of the foregoing allegations as if fully rewritten herein.

18. At all times material herein, defendants, Sure Step Companies, or either of them, were a "manufacturer" as defined by Ohio Revised Code Section 2307.71(A)(9).

19. At all times material herein, defendants, Sure Step Companies, or either of them, were a "supplier" as defined by Ohio Revised Code Section 2307.71(A)(15)(a).

20. At all times material herein, the Product constituted a "product" as defined by Ohio Revised Code Section 2307.71(A)(12)(a).

21. At all times material herein, defendants, Sure Step Companies, or either of them, knew or reasonably should have known, that the Product applied to white porcelain floor tiles manufactured by daltile® posed a risk of causing said tiles to become susceptible to permanent staining and discoloration by exposure to other common materials.

22. At all times material herein, Defendants had a duty to warn potential users of the Product of the risk of causing floor tiles such as Plaintiffs' to become susceptible to permanent staining and discoloration by exposure to other common materials.

23. At all times material herein, defendants, Sure Step Companies, or either of them, failed to adequately warn potential users of the Product, such as Plaintiffs, of the risk and likelihood of such risk of the Product causing the harm for which plaintiffs seek to recover compensatory damages herein.

24. Plaintiffs would not have permitted the application of the Product to their property had they been adequately warned of the aforedescribed risk of harm to such property.

25. At all times material herein, defendants, Sure Step Companies, made the express representation to potential users of the Product that the Product would not require any change to existing cleaning regimens, required no special cleaning products and would not cause discoloration to any floor it was applied to.

26. The Product manufactured and/or supplied by defendants, Sure Step Companies, or either of them, was defective due to inadequate warning or instruction as described in Ohio Revised Code Section 2307.76.

27. The Product manufactured and/or supplied by defendants, Sure Step Companies, was defective because it did not conform to the aforedescribed representation made by defendants, Sure Step Companies, as described in Ohio Revised Code Section 2307.77.

28. The defective aspects of the Product as described herein were a proximate cause of the harm suffered by plaintiffs, who have thereby been damaged in an amount in excess of Twenty-five Thousand Dollars ($25,000.00), to be determined according to proof at trial.

COUNT TWO

29. Plaintiffs restate and incorporate by reference each and every of the foregoing allegations as if fully rewritten herein.

30. Defendants, Sure Step Companies, or either of them, with respect to the sale and application of the Product to Plaintiffs' property, breached the implied warranties of fitness for a particular purpose and/or merchantability imposed by Ohio Revised Code Sections 1302.27 and 1302.28.

31. As a direct and proximate result of defendants' breach of implied warranties as aforesaid, plaintiffs have been damaged in an amount in excess of Twenty-five Thousand Dollars ($25,000.00), to be determined according to proof at trial.

WHEREFORE, plaintiffs, as their interests may appear, demand judgment in their favor against defendants, jointly and severally, as and for compensatory damages, in an amount in excess of Twenty-five Thousand Dollars ($25,000.00), together with the costs of this action, reasonable attorneys' fees and such other relief in law or equity as justice may require.

Respectfully submitted,

*/s/ David D. Carto*
David D. Carto (#0021632)
WELDON, HUSTON & KEYSER, LLP
76 N. Mulberry Street
Mansfield, Ohio 44902
dcarto@whkmansfield.com
Phone: (419) 524-9811
Fax: (419) 522-5758
Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues raised by the pleadings herein.

                                             */s/ David D. Carto*
                                             David D. Carto (#0021632)
                                             WELDON, HUSTON & KEYSER, LLP
                                             Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of May 2021, the Amended Complaint was sent via email to the following:

Royce R. Remington (#0040408)
Charles W. Pugh (#0078145)
HAHN LOESER & PARKS, LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
rrr@hahnlaw.com
cpugh@hahnlaw.com
*Attorney for Defendants*

                                             */s/ David D. Carto*
                                             David D. Carto (# 0021632)
                                             WELDON, HUSTON & KEYSER, L.L.P.
                                             Attorney for Plaintiffs