IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| W.H.C., INC., dba HONDA OF MANSFIELD, *et al.*, | ) ) ) | CASE NO. 1:21-cv-0675 |
| Plaintiffs, | ) ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) ) | |
| INTERLAKE CHEMICALS, LTD dba SURE STEP USA, *et al.*, | ) ) ) | **OPINION & ORDER** |
| Defendants. | | |

On May 19, 2021, defendants, Interlake Chemicals, LTD dba Sure Step USA ("Interlake") and Sure Step USA, LLC, ("Sure Step LLC") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF Doc. 12. Plaintiffs W.H.C., Inc. dba Honda of Mansfield ("WHC") and Park Avenue Dealer Real Estate, LLC ("PADRE") filed a response (ECF Doc. 16) and defendants filed a reply. ECF Doc. 17. For the following reasons, defendants' motion to dismiss is **DENIED,** in part, and **GRANTED,** in part.

I.  Background

WHC operates a Honda motor vehicle showroom on real property owned by PADRE. ECF Doc. 11 at 2. In 2016, WHC constructed a showroom floor using porcelain floor tiles manufactured by daltile®. ECF Doc. 11 at 3. WHC noticed that the tile floor was particularly slippery, especially when wet. *Id.* So, in January 2017, WHC contacted Appleseed Building Co., an authorized distributor, to apply Sure Step (a non-slip floor and bathtub product) to the showroom floor. *Id.* Unfortunately, the floor tiles became permanently stained and discolored after the application of Sure Step. *Id.*

1

In 2019, WHC hired an expert to analyze the discolored floor tiles. ECF Doc. 11 at 4. On February 20, 2019, plaintiffs' expert opined that the application of Sure Step to the showroom floor tiles had permanently etched the surface of the tile and removed the non-porous glazed finish, exposing them to permanent staining by a wide variety of organic and non-organic materials. *Id.*

On February 4, 2021, plaintiffs filed a complaint in state court against defendants. ECF Doc. 1. The case was removed to this Court on March 26, 2021 based on diversity. ECF Doc. 1-2. Plaintiffs amended their complaint on May 5, 2021. ECF Doc. 11. Plaintiffs claim that defendants failed to warn them of the risk that Sure Step would damage the showroom tile floor (Count One) and that they breached an implied warranty of fitness of Sure Step for a particular purpose (Count Two). *Id.*

## II. Standard of Review

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012). Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plausibility standard "asks for more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints alleging "naked assertion[s]" devoid of "further factual enhancement" will not survive a motion to dismiss. *Twombly*, 550 U.S. at 557. In

addition, simply reciting the elements of a cause of action or legal conclusions will not suffice. *Iqbal*, 556 U.S. at 678.

## III. Analysis

### A. Count One

In Count One, plaintiffs assert a claim pursuant to Ohio Rev. Code § 2307.76 and Ohio Rev. Code § 2307.77. Under Ohio Rev. Code § 2307.76, a product may be defective due to an inadequate warning if the manufacturer failed to provide a warning or instruction for a known risk. Under Ohio Rev. Code § 2307.77, a product may be defective for failure to conform to representations if, when it left the manufacturer, it failed to conform to a representation made by that manufacturer. To state a claim, a plaintiff must show that (1) the manufacturer made a representation as to a material fact concerning the character or quality of the manufacturer's product; (2) the product did not conform to that representation; (3) the plaintiff justifiably relied on that representation; and (4) the plaintiff's reliance on the representation was the direct and proximate cause of the plaintiff's injuries. *Grubbs v. Smith & Nephew, Inc.,* S. D. Ohio No. 1:19-cv-248, 2020 U.S. Dist. LEXIS 162317, *citing, Cervelli v. Thompson/Ctr. Arms*, 183 F. Supp. 2d 1032, 1045 (S.D. Ohio 2002); *White v. DePuy, Inc.*, 129 Ohio App.3d 472, 484-85, 718 N.E.2d 450 (1998).

Defendants argue that, under Ohio Rev. Code § 2307.76 or 2307.77, plaintiffs have failed to allege proximate causation — that the defendants' representations and/or failure to warn proximately caused plaintiffs' injuries. ECF Doc. 12-1 at 9. But all that is required at the pleading stage is to "set forth facts from which the Court may plausibly infer that a representation was made and that the [product] did not conform to that representation." *Darwish v. Ethicon, Inc.*, No. 1:20-cv-1606, 2020 U.S. Dist. LEXIS 228048 at *18-19, (N.D. Ohio Dec. 4,

2020) (quoting *Williams v. Bos. Sci. Corp.*, No. 3:12CV1080, 2013 U.S. Dist. LEXIS 43427 (N.D. Ohio Mar. 27, 2013).

Plaintiffs' amended complaint explicitly alleges that defendants represented that "the Product would not require any change to existing cleaning regimens, required no special cleaning products and would not cause discoloration to any floor it was applied to." ECF Doc. 11 at 5. Plaintiffs further allege that the product did not conform to this representation and thus caused damages. *Id.* Contrary to defendants' argument, (ECF Doc. 12 at 9) plaintiffs also implicitly allege that defendants' representations were made prior to the application of Sure Step because they assert they would not have used the product if they had been properly warned or if defendants hadn't made certain representations. ECF Doc. 11 at 5, ¶ 24. Thus, the Court can "plausibly infer" from plaintiffs' allegations that defendants' representations and/or failure to warn proximately caused plaintiffs' damages.

Defendants also argue that plaintiffs' Count One claim is barred by Ohio's two-year statute of limitations for product liability claims, (ECF Doc. 12-1 at 11) and that this is apparent from the plaintiffs' allegations. Plaintiffs allege that Appleseed Building Co. applied the Sure Step product to their floors in approximately January of 2018, and they noticed the stains and discolorations of the floor tiles in the "weeks and months" following its application. ECF Doc. 11 at 3. Thus, defendants argue that plaintiffs knew that their floors had been damaged by Sure Step more than two years before they filed their amended complaint on February 4, 2021. ECF Doc. 1. Conversely, plaintiffs argue that their February 4, 2021 complaint is timely because they did not know that Sure Step damaged their showroom floor until their expert so opined on February 20, 2019.

The statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c), and a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim, *see* Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim" (emphasis added)); *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *Cataldo v. United States Steel Corp.,* 676 F.3d 542, 547 (6th Cir. 2012). Thus, it is often inappropriate to dismiss a claim based upon the statute of limitations pursuant to Fed. R. Civ. P. 12(b)(6), unless the allegations in the complaint affirmatively show that the claim is time-barred. *Id.; see also Jones,* 549 U.S. at 215. Here, a dismissal based solely on the plaintiffs' allegations would be inappropriate.

Generally, in Ohio "a cause of action sounding in tort accrues, and the statute of limitations begins to run, at the time the tortious conduct takes place." *AKA Enterprises, Inc. v. Hartzell Propeller, Inc.*, No. 3:16-cv-82, 2016 U.S. Dist. LEXIS 168385, at *5, (N.D. Ohio 2017) (citing *O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727, 730 (Ohio 1983)). However, in some tort cases, Ohio courts apply the "discovery rule," which delays the commencement of a statute of limitations "until a plaintiff knew or should have reasonably known both that plaintiff was injured and that there was a connection between the injury and a defendant's conduct."[1] *Id.* at *3 (citing *Norgard v. Brush Wellman, Inc.*, 766 N.E.2d 977, 979 (Ohio 2002); *O'Stricker*, 447 N.E.2d at 729). The statute of limitations is tolled "only until a plaintiff has an "indication of wrongful conduct of the defendant." *Twee Jonge Gezellen, Ltd. v. Owens-Illinois, Inc.*, 238 F. Appx. 159, 163 (6th Cir. 2007) (citing *Norgard*, 766 N.E.2d at 979) (emphasis omitted).

Here, plaintiffs' allegations do not establish the untimeliness of their complaint. Rather, it appears there may be a dispute of material fact as to when plaintiffs reasonably knew or should

---

[1] It is unclear whether Ohio has previously applied the discovery rule to the type of claim plaintiffs assert in Count One. Both parties cite the discovery rule as applicable, but they do not cite case law directly applying the discovery rule to a products liability claim involving non-latent property damages. The parties should fully brief this issue if any Fed. R. Civ. P. 56 motions are filed.

have known that defendants' product caused the white tile discoloration. While plaintiffs began to notice the discoloration "in the weeks and months" following Sure Step's application, they allege that they did not know the cause of the floor stains until February 20, 2019, *less* than two years before they filed the complaint. Because the untimeliness of Count one is not apparent from plaintiffs' complaint, defendants' motion to dismiss this claim is DENIED.

### B. Count Two

Plaintiffs also attempt to assert a claim for breach of implied warranties of merchantability and fitness for a particular purpose, pursuant to Ohio Rev. Code §§ 1302.27 and 1302.28. ECF Doc. 11 at 6. Specifically, plaintiffs allege:

> 30. Defendants, Sure Step Companies, or either of them, with respect to the sale and application of the Product to Plaintiffs' property, breached the implied warranties of fitness for a particular purpose and/or merchantability imposed by Ohio Revised Code Sections 1302.27 and 1302.28.
>
> 31. As a direct and proximate result of defendants' breach of implied warranties as aforesaid, plaintiffs have been damaged in an amount in excess of Twenty-five Thousand Dollars ($25,000.00), to be determined according to proof at trial.

ECF Doc. 11 at 6.

Defendants argue that Count Two should be dismissed because plaintiffs were not in privity of contract with defendants. "[U]nder Ohio law, privity of contract is generally a prerequisite to a breach of the implied warranties of merchantability and fitness for a particular purpose." *Flex Homes, Inc. v. Ritz—Craft Corp. of Michigan, Inc.,* 721 F.Supp.2d 663, 673 (N.D. Ohio 2010); *Curl v. Volkswagen of Am., Inc.,* 114 Ohio St.3d 266, 2007 Ohio 3609, 871 N.E.2d 1141 (2007).

Under Ohio law privity may be inferred between a defendant manufacturer and plaintiff "when the manufacturer is so involved in the sales transaction that the distributor merely

6

becomes the agent of the manufacturer" or if plaintiff "is an intended third-party beneficiary to a contract." *Wotring Towing v. Ford Motor Company*, No. 2:16-cv-1193, 2017 U.S. Dist. LEXIS 83410 at *6 (S.D. Ohio May 31, 2017) (quoting *Risner v. Regal Marine Indus., Inc.*, No. 1:11-cv-191, 2013 U.S. Dist. LEXIS 58690 at *38 (S.D. Ohio Apr. 24, 2013) (citation omitted)). But even in these limited circumstances, plaintiffs are required to specifically allege these exceptions in their complaint. *See Traxler v. PPG Industries, Inc.*, 158 F.Supp.3d 607, 625 (N.D. Ohio 2016) (holding that consumer plaintiff and manufacturer defendant were not in privity because plaintiff merely stated the legal conclusion that it is an intended third-party beneficiary with no other specific allegations); *Savett v. Whirlpool Corp.*, No. 12-cv-310, 2012 U.S. Dist. LEXIS 124086 at *30 (N.D. Ohio Aug. 31, 2012) (holding that consumer plaintiff failed to state a claim for breach of implied warranty against defendant manufacturer because plaintiff did not specifically allege its status as a third-party beneficiary and stated in the complaint that he purchased the product from a distributer, not defendant).

Here, Plaintiffs allege only that they contracted with Appleseed Building Company, not with defendants. Plaintiffs argue that privity can be inferred from their breach of implied warranty of fitness and/or merchantability claim, and that Defendants are asking too much at this stage of litigation. However, plaintiffs also seemingly acknowledge a lack of privity with defendants. ("Plaintiffs do not allege privity with Defendants because there was no direct contract between them…" ECF Doc. 16 at 10.) And, because plaintiffs have not specifically alleged any exception to privity, Ohio law requires the dismissal of this claim. Accordingly, the court must grant defendants' motion to dismiss Count Two of plaintiffs' complaint.

Defendants also contend that plaintiffs have failed to state a claim for breach of implied warranty of fitness. The Court agrees. "To sufficiently state a claim for breach of implied

7

warranty of fitness for a particular purpose, a plaintiff must allege that: (1) the seller has reason to know the buyer's particular purpose; (2) the seller has reason to know that the buyer is relying on the seller's skill or judgment to furnish appropriate goods; and (3) the buyer must, in fact, rely upon the seller's skill or judgment." *Leen v. Wright Med. Tech., Inc.,* No. 3:15-CV-125, 2015 U.S. Dist. LEXIS 125317 at *6 (S.D. Ohio Sept. 18, 2015).

Defendants contend that plaintiffs have failed to allege "any of the elements necessary to support a claim under Ohio Rev. Code § 1302.28" and the "particular purpose for which they intended to use the Product." ECF Doc. 12-1 at 7. Defendants argue that plaintiffs only used Sure Step for its ordinary purpose. *Id.* Plaintiffs respond that the purpose of Sure Step was both to render floors less slippery *and* to make their showroom clean and attractive for customers. ECF Doc. 11 at 3-4.

To allege a particular purpose, plaintiffs must "identify a unique purpose that is distinct from the product's ordinary purpose." *Traxler*, 158 F.Supp.3d at 619 (holding that longevity and protection from severe weather was not a particular purpose of a deck-resurfacing product that cracked and left air bubbles, but rather was the product's ordinary purpose along with the purpose of resurfacing decks). *See also Leen*, No. 3:15-CV-125, 2015 U.S. Dist. LEXIS 125317 at *68 (holding that decreased pain and increased mobility is the ordinary purpose of a hip implant, and that plaintiff's failure to allege any further purpose particular to himself is not sufficient to state a claim). Here, plaitniffs' complaint does not allege that the particular purpose of using Sure Step was to keep their floors looking attractive. Rather, plaintiffs allege only that its particular use was to make floors less slippery. ECF Doc. 11 at 6. Thus, they have failed to allege that they used Sure Step for any particular purpose other than its ordinary one. Because plaintiffs have not specifically alleged an exception to privity or facts sufficient to state a claim

under Ohio Rev. Code § 1302.28, their claim for breach of implied warranties for a particular purpose must be dismissed.

**IV.    Conclusion**

For the reasons stated herein, defendants' motion to dismiss (ECF Doc. 12-1) is **DENIED,** in part, and **GRANTED,** in part.  The Court DENIES defendants' motion to dismiss Count One and GRANTS defendants' motion to dismiss Count Two of plaintiffs' complaint.

Dated: July 13, 2021                                                                *s/Dan Aaron Polster*
                                                                                                  United States District Judge